UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEBASTIAN ISAAC MARCANO HERNANDEZ,

Petitioner,

v.

DONALD J. TRUMP, et al.,

Respondents.

Case No.: 26-CV-4355 JLS (SBC)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Sebastian Isaac Marcano Hernandez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). Petitioner, a citizen of Venezuela, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center. Pet. ¶ 28. Petitioner alleges that he entered the United States in April 2024 and was paroled into the United States. *Id.* ¶ 26. Petitioner later filed an asylum application and received employment authorization and otherwise complied with the conditions of his release. *Id.* Respondents issued a Notice to Appear on June 28, 2026. *Id.* ¶ 27. That month, Petitioner was detained by ICE agents. *Id.* ¶ 28. Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment. *See generally id.*

Respondents state that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." Ret. at 2. The Court finds that Petitioner is entitled to release. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by August 14, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge